UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEWINA L. DANLEY. | ) | Civil Case No. 16-cv-2872 |
| | ) | |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Jeffrey Cole |
| v. | ) | |
| | ) | |
| JOYCE R. ZYDLO, individually and as Trustee | ) | **RULE 12(b) (6) & (7) MOTION** |
| of the Stanley M. Zydlo Trust, date[d] (sic) | ) | **TO DISMISS THE FIRST** |
| May 26, 1981, | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendant | ) | |
| | ) | |

## RULE 12 (b) 6 & (7) MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant, Joyce R. Zydlo, individually, and as Trustee of the Stanley M. Zydlo Trust,

dated May 26, 1981 ("Joyce"), by her attorney, Jeffrey C. Blumenthal, for Motion to Dismiss

pursuant to Rule 12(b)(6) and (7), states as follows:

**I.      Rule 12 (b)(7) Dismissal for Failure to Properly Join an Indispensable Party—**
**Joyce R. Zydlo, as Executor or Independent Representative of the Estate of**
**Stanley M. Zydlo**

Plaintiff, Dewina Danley ("Danley") initially captioned her action as being brought

against Joyce, individually, and as Trustee of the Stanley M. Zydlo Trust (the "Trust")[1].

Nowhere in the initial pleadings was there a reference to Joyce, being a defendant, in her

capacity as Executor of Stanley M Zydlo's Decedent's Estate (the "Decedent's Estate").

Notwithstanding the above, and without seeking leave to join Joyce, as a party defendant in

her capacity as Executor of the Decedent's Estate, Danley simply added Joyce, as Executor to

the caption of her First Amended Complaint. If Danley wants to join Joyce Zydlo as a party

---

[1] The Summons that was served simply referred to "Joyce R. Zydlo" as the party defendant being served and made
no reference to Joyce being sued as Trustee of the Trust, as well as individually.

defendant in her capacity as Stanley Zydlo's Executor, then Danley should have made a motion, pursuant to F.R.C.P. No.19, to join Joyce as a party defendant in her capacity as Executor of Stanley Zydlo's Decedent's Estate, rather than simply attempting to add Joyce, without leave of Court, as a party defendant in Joyce's capacity as Executor of the Decedent, Stanley M. Zydlo's Estate. Since Counts I and II of the First Amended Complaint appear to be brought against Joyce in her capacity as Executor of Stanley Zydlo's Decedent's Estate, the failure to properly join Joyce as a party defendant in her capacity as an Executor of Stanley Zydlo's Decedent's Estate is material and should result in the dismissal of Counts I and II of the First Amended Complaint.

II.      **Lack of Standing to Raise Claims on Behalf of Adult Children**

In Counts I and II of the Complaint (¶¶67E, 73, 75E, 79), Danley seeks to raise claims on behalf of Danley's adult children. However, Danley has no standing to raise claims for alleged injuries sustained by her adult children and these claims and/or the Counts in which they are made should be stricken. "'Indignation that the law is [allegedly] not being obeyed... will not support a federal lawsuit.'" *Whitaker v. Ameritech Corp.*, 192 F.3d 952, 959 (7th Cir. 1997). Accordingly, Counts I and II should be dismissed or the claims made by Danley in those counts on behalf of her adult children should be stricken

**III. Rule 12(b)(6) Motion to Dismiss the Entire Complaint for Failure to Make a "Short and Plain Statement of the Claim" and Have "Simple, Concise and Direct" Allegations in Violation of Rule 8 of the Federal Rules of Civil Procedure**

Danley's Complaint is not a short and plain statement. In the first paragraph, Danley alleges that she "held a marital interest in the Estate", but never defines what "Estate" she is referring to–i.e., the "Danley/Stanley Zydlo Marital Estate," the "Stanley Zydlo Trust Estate," or the Stanley Zydlo Decedent's Estate. Since Danley references the "Estate" as part of a term of art in

2

the first paragraph's definition of "Separation Interest," a term that is subsequently used throughout the Complaint, the lack of clarity is material.[2]

Danley's First Amended Complaint also improperly contains six (6) footnotes, one of which involves discussion of case law, and has no place in the Danley First Amended Complaint. Each of the footnotes should be stricken as not being part of a "short and plain statement."

A series of Plaintiff's allegations, paragraphs 13 through 16 are missing a noun. While it appears that Dr. Zydlo's name is the noun that is missing in each of these allegations, Joyce Zydlo should not have to guess at what Plaintiff's allegations intend to import.

Plaintiff's First Amended Complaint also improperly lumps together allegations regarding Joyce's alleged duties as Executor of Dr. Zydlo's Decedent's Estate and Joyce's alleged duties as Trustee of Dr. Zydlo's Trust. For example in paragraph 67, Danley improperly alleges that: "Joyce Zydlo had engaged in conduct as Executor successor trustee of the Trust in violation and breach of her fiduciary duties..."

Finally, Plaintiff seeks to insulate a number of allegations that appear to be made up out of whole cloth by alleging those allegations "upon information and belief"--- See: ¶¶44, 45, 46, 51, 69, 70. For example, in paragraph 51, Plaintiff alleges "upon information and belief" that: "Dr. Zydlo's Estate was worth approximately $2,500,000.00." However, not one fact is alleged in support of this allegation. As the Court recognized in *Trans Union LLC v. Credit Research Inc.*, 2001 U.S. Dist. LEXIS 7559*11(N.D. Ill. 2001), information and belief pleading is "disfavored" because of "Rule 11's requirement that counsel make a reasonable inquiry before filing a complaint." As the Trans Union Court opined "A party may not may not indulge in a fishing

---

[2] Danley also fails to state which "Estate" she is referring to her in her allegation in paragraph 3 where she falsely accuses Joyce Zydlo of "colluding" "to transfer the Separation Interest out of the Estate." Defendant would be guessing at the "Estate" to which Danley is referring. See also: Paragraph 52 which also refers to an undefined "Estate."

expedition or file a complaint on rumor or hunch." *Id.* However, that is precisely what Danley has done in this case with respect to her "information and belief" allegations. Since no facts are alleged that in any way in support of Danely's disfavored, "information and belief" allegations, those allegations should be stricken.[3]

WHEREFORE, Defendant Joyce R. Zydlo, individually, and as Trustee of the Stanley M. Zydlo Trust, dated May 26, 1981, respectfully requests that this Court enter an Order:

(A) Dismissing the First Amended Complaint and

(B) Awarding such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,
Defendant, Joyce R. Zydlo, individually and as Trustee of the Stanley M. Zydlo Trust, dated May 26, 1981,

By:   */s/Jeffrey C. Blumenthal*
        Her Attorney

Jeffrey C. Blumenthal (ARDC #3124049)
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite 223
Northbrook, Illinois 60062
Telephone: (847) 498-3220
Facsimile: (847) 498-3221
E-mail:jeffrey@jcblawyer.com

---

[3] Contemporaneous with this motion, Defendant is filing a Motion seeking leave to initiate, immediate limited discovery regarding the factual basis, if any, for Danley's "information and belief" allegations.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Rule 12(b)(6) and (7) Motion to Dismiss the Complaint was served on the below counsel for the plaintiffs via the Court's ECF system on July 28, 2016.

Mason S. Cole
Cole Sadkin LLC
20 S. Clark Street, Suite 500
Chicago, Illinois 60603
Email: mcole@colesadkin.com
Phone: 312-548-8610

By: */s/Jeffrey C. Blumenthal*
Attorney for Defendant, Joyce R. Zydlo

5