UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| DEWINA L. DANLEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 16-cv-2872 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| JOYCE R. ZYDLO, individually and as Trustee of the Stanley M. Zydlo Trust, Date[d] May 26, 1981, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dewina Danley ("Danley"), brings this suit against Defendant, Joyce R. Zydlo ("Zydlo"), for failure to distribute specified assets pursuant to her obligations as (1) the executor of her late ex-husband, Stanley M. Zydlo's ("Decedent") estate, and (2) the Trustee of the Stanley M. Zydlo 1981 Trust ("Trust"). Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 for all claims in Plaintiff's Complaint. After reviewing the Parties' submissions and the evidence before it, the Court finds that there are disputes as to material fact that affect all claims. Accordingly, Defendant's Motion is denied.

**Background**

The following facts are undisputed unless noted. Danley married Decedent on September 1, 1957, and they divorced about 17 years later. The two entered into Divorce Property Settlement Agreements in 1972 and 1973 ("PSA"). Paragraph (H)(7) of the PSA provided that if a modification was required at a later date, that it would need to be in writing, signed, and acknowledged by both Danley and the Decedent. The PSA also stated that the agreement was an absolute and irrevocable contract that was binding on the parties, their executors, administrators, heirs, beneficiaries, and other legal representatives for the

1

purpose of carrying out its terms. Decendent and Danley agreed to amend the PSA in 1975, which changed certain specified terms of the previous agreement, but did not invalidate it. The amendment required Decedent to maintain certain "Term Insurance" policies totaling $150,000 and to designate Danley as the beneficiary. The amendment also required the replacement of certain employment-related insurance policies in the event that any were ever terminated.

Zydlo married Decedent in August of 1976 and they remained married for 39 years until his death on June 3, 2015. Zydlo was eventually named Decedent's Executor. While Zydlo knew that the PSA agreements existed, she testified that she never saw any PSAs during her marriage. Additionally, Zydlo stated that she did not understand what, if any, obligations to Danley were created by the PSAs until Danley brought the instant suit. Plaintiff disputes Zydlo's lack of awareness and understanding of the PSAs.

From the time of the PSAs until Decedent's death, all of the referenced policies were terminated, which Danley later became aware of. In November 1991, Danley sent a letter to Decedent's lawyer complaining about how Decedent had allowed two of the term Home Life Insurance Policies, in which Danley had an interest, to lapse and how he had not named Danley or their children as irrevocable beneficiaries in the succeeding policies. Decedent's attorney responded in a letter that reiterated Decedent's intent to honor his obligations to Danley under the PSAs and provide at least $150,000 of life insurance on his life with her as the primary beneficiary. Danley contends that the subsequent Aurora Life Insurance Policy should have been a succeeding substitute policy under the PSA amendment and thus, she should have been named beneficiary. Defendant disputes this assertion.

On July 25, 1995, Decedent executed a Restatement of his 1981 Trust and bequeathed $150,000 to Danley minus any insurance proceeds she might have received on

2

his life. The Trust was fully revocable and subject to any change that the Trustee at the time desired. Pursuant to the Restatement, Zydlo was to be the Successor Trustee upon Decedent's death. Zydlo contends that she was not aware of the terms of the Trust and did not read any of the Trust documents until after her husband's death. Plaintiff disputes this fact.

On October 17, 2000, Decedent executed another trust, the "Stanley M. Zydlo Irrevocable Insurance Trust" ("Irrevocable Trust"). He named Zydlo as Trustee and primary, irrevocable beneficiary. He also sent a request to to change the owner of his Ohio National Financial Services policy to the Irrevocable Trust. Plaintiff questions whether these actions were taken by Decedent or Zydlo. After Decedent's death, the Ohio National policy paid out $25, 647.18 to the Irrevocable Trust, to which Zydlo was Trustee and beneficiary. Zydlo testified that she only learned that the original Trust was possibly a beneficiary of the Ohio National policy at her deposition. Plaintiff disputes this fact. The Jackson National Life policy also designated the Irrevocable Trust as its beneficiary. After Decedent's death, it paid out a check for $151,661.28 to the Irrevocable Trust.

In 2003, Decedent sent Aurora Life Insurance Company a hand-written letter requesting cancellation of the policy and a check for its entire value. Plaintiff disputes whether Decedent wrote this letter himself, whether he cancelled it unilaterally, and whether there was any legal basis for terminating the policy without providing notice to Danley. Zydlo maintains that she did not ever discuss the decision to cancel the policy with Decedent. In February of 2003, Decedent received the Aurora Life Insurance policy's surrender check for $59,032. He endorsed it to Zydlo, and she deposited the check into her personal account. Plaintiff also questions whether Zydlo used the proceeds to pay family bills and living expenses as she testified.

Upon Decedent's death, Zydlo assumed duties as Executor and did not distribute any part of Decedent's estate to Danley. Zydlo maintains that Decedent never funded the original Trust, and it remained unfunded when she assumed the role as Successor Trustee. Zydlo represented that at the time of Decedent's death, the Trust's only assets were four vacant parcels of real estate. Zydlo cites the Small Estate Affidavit ("Affidavit") that she prepared following Decedent's death as proof of the available assets, but Plaintiff questions the authenticity of this document's content as it was never filed, witnessed, stamped, or certified. The Affidavit did not mention any debt of $150,000 to Danley. Danley disputes that all of Decedent's debts and assets were listed accurately, as his estate was never accounted for or verified by any source other than Zydlo.

Danley brought this Complaint against Zydlo for various breaches of duty and contract. As executor of Decedent's estate and as Trustee of Decendent's Trust, Danley alleges that Zydlo used her influence to self-deal and deprive Danley of her entitlements under the PSA agreements with Decedent, to include the bequest Decedent made to Danley in the original Trust.

## Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). "To determine whether genuine issues of material fact exist, we ask if

4

'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (citing *Anderson*, 477 U.S. at 251-52). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## Discussion

Danley's suit involves six claims against Zydlo for Zydlo's failure to distribute specific assets to Danley that Danley maintains she was entitled to under the PSA agreements upon Decedent's passing. Defendant moves for summary judgment on Plaintiff's entire Third Amended Complaint based on the evidence presented. The Court, however, finds that the evidence does not resolve the material issues in Defendant's favor.

At the crux of all of Danley's claims are the questions of whether there was a continued obligation to pay her $150,000 under the Amended PSA upon Decedent's death; whether the term insurance policies in question applied to these obligations; whether Zydlo was aware of these obligations under the PSAs and was aware of her responsibilities as executor and trustee; whether there were actually any funds or assets in Decedent's estate and/or Trust to distribute to Danley; and whether Zydlo had any involvement in the cancellation of insurance policies and liquidation of assets in the estate prior to distribution. Danley continues to dispute Zydlo's responses to these issues, which are material to resolving this matter. The only evidence Zydlo offered to cure the inconsistencies is her own testimony from her deposition. She offers nothing to corroborate her position. Unfortunately for Zydlo, this showing is not enough to meet her burden at the summary judgment stage because the Court cannot rely exclusively on assertions that can be construed as "self-serving" to make its ruling. It is well-established that uncorroborated, self-serving,

conclusory assertions cannot defeat a motion for summary judgment. *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). Reaching a conclusion based only on this type of evidence would require the Court to enter into the purview of a jury—weighing the value of the evidence and making a credibility determination about the witnesses. This is not appropriate for summary judgment. *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003)(finding it to be "dangerous territory" for a court to weigh conflicting evidence during summary judgment).

**Conclusion**

Based on the foregoing, this Court denies Defendant's Motion for Summary Judgment as to Plaintiff's entire Third Amended Complaint.

IT IS SO ORDERED.

ENTERED:  SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 3/29/2018