# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEWINA L. DANLEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 16-cv-2872 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| JOYCE ZYDLO, ) | |
| individually and as Executor and Trustee ) | |
| of the Stanley M. Zydlo Trust date[d] ) | |
| May 26, 1981 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dewina Danley ("Danley") brings this suit against Joyce Zydlo ("Zydlo") for failure to distribute assets pursuant to her obligation as (1) the Executor of Danley's late ex-husband, Stanley M. Zydlo's ("Decedent") estate, and (2) the Trustee of the Stanley M. Zydlo 1981 Trust ("1981 Trust"). On March 29, 2018, this Court denied Zydlo's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Zydlo has now moved for reconsideration under Federal Rule of Civil Procedure 54(b). For the reasons explained below, Zydlo's [104] motion for reconsideration is denied.

**Background**

This lawsuit stems from an unpaid obligation between Decedent and his ex-wife Danley under their Divorce Property Settlement Agreement ("PSA"). Danley married Decedent in 1957. The two were divorced in 1975. Under the PSA, Decedent agreed to maintain certain insurance policies totaling $150,000 with Danley as the beneficiary. In 1976, Decedent married Zydlo and the two remained married until Decedent's death on June 3, 2015. On July 25, 1995, Decedent executed

1

a Restatement of his 1981 Trust and named Danley as the beneficiary of $150,000 minus any insurance proceeds she might receive during Decedent's life.

Upon Decedent's death, Danley was not paid $150,000. Zydlo, as Trustee of Decedent's Estate, submitted a Small Estate Affidavit which stated that the only assets in the 1981 Trust after all debts were paid were four vacant parcels of land, one of which was designated to be given to one of Decedent's children. Zydlo offered the three remaining parcels of land to Danley in consideration for a Release and/or execution of the PSA. Danley rejected this offer. Danley then filed suit against Zydlo. Danley's third amended complaint raises claims of: (1) breach of fiduciary duty, (2) constructive fraud, (3) breach of contract, (4) an accounting of the estate, (5) removal of Zydlo as Trustee, and (6) unjust enrichment.

Zydlo filed a motion for summary judgment against all of Danley's claims. On March 29, 2018, this Court denied Zydlo's motion. The Court found that the evidence on record did not resolve all material issues in defendant's favor. Zydlo moves for reconsideration arguing that the Court "denied Zydlo's summary judgment motion as to all six of Danley's claims, stating in a wholesale manner, and without breaking out its analysis on a count by count basis, that material factual issues existed warranting denial of the motion in its entirety." Dkt. 106 at 2.

**Legal Standard**

A motion for reconsideration "'serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisee Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 Supp. 656, 665 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). To prevail on a motion for reconsideration, a party must show that there are newly discovered facts, an intervening change in the law, "'or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would result in a clear error or cause manifest injustice'" *Flint v. City*

2

*of Milwaukee*, No. 14-CV-333-JPS, 2015 WL 1523891 *1 (E.D. Wis. Apr. 2, 2015) (citing *Metro. Entm't Co., Inc., Koplik*, 25 F. Supp. 2d 367, 368 (D.Conn. 1998)). As such, "reconsideration is not for rehashing previously rejected arguments." *Caisee Nationale de Credit Agricole*, 90 F.3d at 1270.

**Analysis**

1. *Breach of Fiduciary Duty*

   A. Deposition Testimony

Zydlo argues that summary judgment should have been granted against Danley's breach of fiduciary duty claim for two independent reasons. First, Zydlo contends that Danley's deposition testimony undermines her breach of fiduciary duty claim. Danley's statement reads in relevant part:

> Q. So you are not- you are not alleging that Joyce breached any fiduciary duties as trustee of the [1981 Trust] agreement, right? You have no knowledge of any breaches?
>
> A. No.

Dkt. 76 ¶ 34. Zydlo asserts that because Danley answered "no" when asked about her knowledge of a fiduciary duty breach under oath, it is binding against her breach of fiduciary duty claim for summary judgment purposes. According to Zydlo, this statement is a contradiction of Danley's claim and apparently resolves any issue of fact regarding the breach of fiduciary cause of action.

The Seventh Circuit has determined that a party cannot defeat summary judgment by creating sham issues of fact by submitting affidavits that contradict their prior sworn testimony. *Dunn v. Menard, Inc.*, 880 F.3d 899, 910 (7th Cir. 2018) (citing *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1169 (7th Cir. 1996)). The Court disagrees with Zydlo that Danley's answer to the question was a statement of fact. Knowledge of a breach of fiduciary duty is a legal conclusion to which can be disregarded for summary judgment purposes. *See Laboy v. Alex Displays, Inc.*, No. 02 C 8721, 2003 WL 21209854 (N.D. Ill. May 21, 2003) (holding that while a contradicting

3

legal conclusion may be relevant to credibility, it does not impact the prior the statement of fact) (citation omitted).

Further, Zydlo has not established that Danley, as a layperson, would know what constitutes a breach of fiduciary duty. *See Donohoe v. Consolidated Operating & Production Corp.*, 736 F. Supp. 845, 863 (N.D. Ill. 1990) (reasoning that because the deponent was an attorney, it was irrelevant whether a question contemplated a legal conclusion as "the concept of fiduciary duty must be familiar"). *aff'd in relevant part*, 982 F.2d 1130 (7th Cir. 1992). Thus, the Court discounts Danley's statement as a legal conclusion rather than a conflicting statement of fact. Zydlo has not demonstrated a "sham" issue of material fact to reverse the Court's denial of summary judgment regarding the breach of fiduciary duty claim.

    B.  Small Estate Affidavit and Insurance Proceeds

Next, Zydlo argues that by submitting the Small Estate Affidavit, which showed that there were no assets to pay the $150,000 claim to Danley, Zydlo could not have breached any fiduciary duty. A fiduciary relationship exists between a trustee and beneficiary as a matter of law. *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1006, 932 N.E. 2d 569, 579, 342 Ill. Dec. 442, 453 (2010). Generally, a successor trustee who is appointed because of the removal or death of the original trustee is not liable for breaches of fiduciary duty committed by her predecessor. *Dick v. Peoples Mid-Illinois Corp.*, 242 Ill. App. 3d 297, 304, 609 N.E.2d 997, 1002-03 (Ill. Ct. App. 1993). However, the successor trustee is liable where she does not take proper steps to ensure the predecessor's breach of trust is redressed. *Id.* at 1003.

In this case, it is undisputed that on July 25, 1995, Decedent amended his 1981 Trust and provided a $150,000 bequeath to Danley according to their PSA. However, as trustee to the 1981 Trust, it does not appear that Decedent acted in the best interest of Danley as the beneficiary. *See Janowiak*, 932 N.E. 2d at 580 ("The relationship between trustee and beneficiary is such that the

4

duties rest upon the trustee to serve the interest of the beneficiary with complete loyalty, excluding all self-interest"). This is demonstrated by the Trust's lack of assets and Decedent's actions regarding certain insurance policies. As successor trustee, Danley had a duty to redress this breach of fiduciary duty. *See Dick*, 609 N.E.2d at 1002-03. Zydlo cites no legal authority for the argument that she could only be liable if she had "actual knowledge" of Decedent's breach. Furthermore, it is undisputed that Zydlo did not list Danley as a creditor on Decedent's Small Estate Affidavit though she was required to.

The parties dispute whether certain transactions committed by Decedent on behalf of Zydlo were a breach of Decedent's fiduciary duty (upon which Zydlo, as successor trustee, would need to redress). For example, in February 1992, Decedent named Danley as beneficiary to a 69.25 % interest of an insurance policy worth $90,000. Dkt. 86 ¶ 13. Yet in 2003, Decedent cancelled this policy and received a check for $ 59,032.82. Dkt. 86 ¶ 8. While as the owner of the insurance policy, Zydlo may have been able to cancel it, there is a material dispute as to whether this action was a fiduciary breach against Danley under the 1981 Trust to which Zydlo would have had a duty to redress. In viewing the evidence in a light most favorable to the non-moving party at the summary judgment stage, the Court did not commit manifest error of law or fact when it held that there existed material issues in dispute regarding Zydlo's alleged breach of fiduciary duty to Danley. Zydlo's motion for reconsideration on this basis is denied.

    2.    *Constructive Trust*

Zydlo argues that the Court erred in not granting summary judgment against Danley's claim of constructive fraud. Under Illinois law, when a breach of fiduciary duty occurs, there is a presumption of constructive fraud. *LaSalle Nat. Trust, N.A. v. Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d 449, 455, 677 N.E. 2d 1378, 1383 (Ill. App. Ct. 1997). "[C]onstructive fraud does not require actual dishonesty or intent to deceive." *Id.* As mentioned

5

previously, there are material issues to be resolved at trial concerning Zydlo's alleged breach of fiduciary duty. For that reason, the presumption of constructive fraud remains. Zydlo's motion for reconsideration as to Danley's constructive fraud claim is denied.

    *3.*      *Breach of Contract*

Zydlo argues that the Court committed manifest error by denying summary judgment as to Danley's breach of contract claim. Count three of Danley's third amended complaint alleges that as Executor of the Estate and Successor Trustee, Zydlo is liable for breach of contract by failing to pay Danley $150,000 according to the terms of the PSA. But Zydlo contends that because she was not a signatory to the PSA, she cannot be held liable for breach of contract as a matter of law. However, paragraph H(7) of the PSA states that the agreement is binding on the parties' "executors, administrators, heirs, devisees, beneficiaries, and other legal representatives." Dkt. 52-1 at 8-9. While Zydlo did not sign the PSA, as Executor of Decedent's Estate, she may be held liable for wrongful action that may have led to the Estate being insolvent. *First of America Trust Co. v. First Illini Bancorp, Inc.*, 289 Ill. App. 3d 276, 282, 685 N.E. 2d 351, (Ill. App. Ct. 1997) ("[A]n executor is personally liable for any liability arising from an allegedly wrongful act"). Because the PSA states that it is binding on executors, the Court finds that it did not commit error by holding that there existed material factual disputes regarding this claim. As such, Zydlo's motion for reconsideration for summary judgment against Danley's breach of contract claim is denied.

    *4.*      *Standing to Seek an Accounting*

The next error, according to Zydlo, is the Court's denial of summary judgment against Danley's claim for an accounting. Court four of Danley's third amended complaint seeks an accounting of Zydlo's actions as Executor and Successor Trustee of Decedent's Estate. Zydlo argues that Danley lacks standing to sue for an accounting because she is neither a devisee under Decedent's will or entitled to an inheritance under intestacy laws. In support, Zydlo refers to her

original summary judgment brief which cites an Illinois Appellate Court case from 1938. Dkt. 75 at 10 (citing *Voris v. Rutledge*, 297 Ill. App. 383 (Ill. 1938)). Still, the eighty-year old case is distinguishable. In *Voris*, the court of appeals held that the plaintiff could not sue her former husband's estate for an insurance policy he maintained. *Voris*, 297 Ill. App. at 387. *Voris* does not contemplate a plaintiff who is a beneficiary to an insurance policy nor did the parties maintain a marital property separation agreement. Contrary to Zydlo's argument, a party has standing to sue for accounting against the executor of an estate when he or she has an economic interest. *See In re Estate of Burgeson*, 125 Ill. 2d 477, 485, 532 N.E. 2d 825, 827 (Ill. 1988). Zydlo has not demonstrated a manifest error in law or fact pertaining to Danley's accounting claim. Accordingly, Zydlo's motion for reconsideration regarding Count four is denied.

     5.     *Removal of Zydlo as Trustee*

Zydlo argues that because no assets existed in Decedent's estate, the Court committed error denying summary judgment against Danley's count to remove Zydlo as Trustee. However, as discussed above, there are material issues in dispute regarding whether Zydlo breached a fiduciary duty against Danley. As such, removal of Zydlo as Trustee remains a possible equitable remedy. *Laubner v. JP Morgan Chase Bank, N.A.*, 386 Ill. App. 3d 457, 467, 898 N.E. 2d 744, 753, 325 Ill. Dec. 697, 706 ("A court of equity has inherent powers to remove a trustee for breach of trust, misconduct, or disregard of his fiduciary duties"). Accordingly, Zydlo's motion for reconsideration regarding this claim is denied.

     6.     *Unjust Enrichment Claim*

Finally, Zydlo argues that the Court should have granted summary judgment against Danley's unjust enrichment claim. The Court agrees with Zydlo that unjust enrichment is not a stand-alone cause of action, but one that depends on an independent claim of wrongdoing. *Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024, 905 N.E. 2d 920, 928 (Ill. App. 2009).

Nevertheless, because Zydlo did not meet the burden for summary judgment and has not met her burden for reconsideration on Danely's independent claims, the unjust enrichment claim will go forward as well. Zydlo's motion for reconsideration as to Danley's unjust enrichment claim is denied.

**Conclusion**

Based on the foregoing discussion, Zydlo's motion for reconsideration [104], is denied as to all six Counts of Danley's third amended complaint.

IT IS SO ORDERED.

Date: 10/29/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge